UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| HIRAM CLAUDE McMURTRIE, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 97-B-1224-NW |
| FLORENCE CITY BOARD OF EDUCATION; EDISON D. BARNEY; GERALD JOHNSON; J. ACKER ROGERS; WILLIAM R. STRICKLAND; VICKIE W. MERRITT; ROBERT HUGHES; DANNY W. KILLEN, | } | |
| Defendants. | } | |

FILED 98 MAR 16 PM 1:31 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAR 16 1998

## MEMORANDUM OPINION

Currently before the court is the Motion of defendants for Partial Judgment on the Pleadings. Upon consideration of the evidence, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' Motion for Partial Judgment on the Pleadings is due to be granted.

This suit arises out of the non-renewal of plaintiff Hiram Claude McMurtrie's ("McMurtrie" or "plaintiff") supplemental coaching contract at Coffee High School. In his complaint, plaintiff asserts claims under 42 U.S.C. § 1983, alleging retaliation in violation of plaintiff's First Amendment right to free speech, violation of plaintiff's right to procedural due process, and defamation. Plaintiff also brings a claim under 42 U.S.C. § 1985(3),[1] alleging that defendants conspired to deprive him of his First Amendment rights. Defendants now

---

[1] In the complaint, plaintiff cites 42 U.S.C. § 1983 as the basis for this claim. However, it is clear that he actually intended to bring the claim pursuant to 42 U.S.C. § 1985(3).



move the court for Partial Judgment on the Pleadings, arguing that plaintiff's procedural due process and conspiracy claims should be dismissed.

## DISCUSSION

### I.  Plaintiff's Procedural Due Process Claim.

On July 18, 1997, defendants moved the court to dismiss plaintiff's procedural due process claim. In his response to the motion, plaintiff consented to the dismissal of his procedural due process claim. Therefore, plaintiff's procedural due process claim is due to be dismissed.

### II.  Plaintiff's Conspiracy Claim.

Additionally, defendants moved the court to dismiss plaintiff's § 1985(3) claim. Defendants assert that because each defendant is a member or employee of the Florence City Board of Education, they are part of a single legal entity incapable of forming a conspiracy, pursuant to the intracorporate conspiracy doctrine.

A basic element of a claim under 42 U.S.C. § 1985(3) is the existence of a conspiracy among two or more persons. *See United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983). According to the intracorporate conspiracy doctrine, when challenged conduct is essentially an act of a single entity or corporation, the fact that two or more persons participated in the decision or the act cannot of itself constitute a conspiracy. *See Nelson Radio and Supply Company, Inc. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952). Although this doctrine developed in the area of antitrust actions, numerous courts have applied the doctrine to civil conspiracies in the context of § 1985(3) claims. *See e.g., Rice v. President and Fellows of Harvard College*, 663 F.2d 336, 338 (1st

2

Cir. 1981); *Herrmann v. Moore*, 576 F.2d 453 (2nd Cir. 1978); *Girard v. 94th Street and 5th Avenue Corp.*, 530 F.2d 66, 70 (2nd Cir. 1976); *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3rd Cir. 1988); *Buschi v. Kirven*, 775 F.2d 1240, 1253 (4th Cir. 1985); *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *Doherty v. American Motors Corp.*, 728 F.2d 334, 339-40 (6th Cir. 1984); *Hull v. Cuyahoga Valley Bd. Of Educ.*, 926 F.2d 505 (6th Cir. 1991); *Travis v. Gary Community Mental Health Center*, 921 F.2d 108 (7th Cir. 1990); *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972); *Wright v. Illinois Department of Child and Family Services*, 40 F.3d 1492 (7th Cir. 1994); *Baker v. Stuart Broadcasting Company*, 505 F.2d 181, 183 (8th Cir. 1974); *L.Q.A. by and through Arrington v. Eberhart*, 920 F. Supp. 1208, 1229-31 (M.D. Ala. 1996), *affirmed*, 111 F.3d 897 (11th Cir. 1997); *Moody v. Jefferson Parish School Board*, 803 F. Supp. 1158, 1166 (E.D. La. 1992), *affirmed*, 2 F.3d 604 (5th Cir. 1993); *Hankins v. Dallas Independent School District*, 698 F. Supp. 1323, 1330-31 (N.D. Tex. 1988); *Cromley v. Board of Education of Lock Port*, 699 F. Supp 1283, 1291-92 (N.D. Ill. 1988). The court follows the reasoning of these cases and holds that, because the defendants to the § 1985(3) claim are members or employees of the Board, they constitute a single legal entity incapable of conspiring for § 1985(3) purposes.

    Plaintiff argues that, even if the intracorporate conspiracy doctrine applies, courts have recognized a "scope of employment" exception to the intracorporate conspiracy doctrine. Plaintiff also contends that most of the circuits which have applied the intracorporate conspiracy doctrine limit its applicability. In support of this contention, plaintiff cites *Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 840-41 (6th Cir. 1994), *Hartman v. The Board of Trustees Community College District No. 508*, 4 F.3d 465, 470 (7th Cir. 1993) and

3

*Garza v. The City of Omaha*, 814 F.2d 553, 556 (8th Cir. 1987).

In the *Johnson* case, the Sixth Circuit held that there could be an exception to the intracorporate conspiracy doctrine where employees of a corporation acted *outside* the scope of their employment. However, the court found that the "scope of employment" exception was inapplicable to the facts of that case, because the employee's actions, even if motivated by racial bias, occurred during the course of the employee's working hours and were connected to hospital business. Thus, the court held that the intracorporate conspiracy doctrine applied and found the plaintiff had failed to establish an actionable conspiracy. *Johnson*, 40 F.3d at 841.

In *Hartman*, the Seventh Circuit recognized that there could be an exception to the intracorporate conspiracy doctrine when personal bias motivated the alleged conspirators. However, the court rejected such exception in that case and even found the exception to be:

> "*problematic in the context of Sec. 1985(3)* . . . because every claim under that statute depends on a showing that the conspirators shared an 'invidiously discriminatory motivation,' a term that seems to be synonymous with 'personal racial animus' (and not much different from 'independent personal stake') . . . thus, by proving the *prima facie* case under Sec. 1985(3), the plaintiff would necessarily bring his or her claim within the exception that [the plaintiff] proposes, rendering the intracorporate conspiracy doctrine meaningless."

*Hartman*, 4 F.3d 465 at 470(emphasis added)(citation omitted). The *Hartman* court ultimately held that the intracorporate conspiracy doctrine "is not avoided simply by showing that corporate employees were motivated in part by personal bias." *Id.*[2]

---

[2] More recently, in *Wright v. Illinois Department of Children and Family Services*, 40 F.3d 1492 (7th Cir. 1994), the Seventh Circuit stated that "except in egregious circumstances, intra-entity discussions that result in discriminatory or retaliatory actions lie outside the scope of

In *Cromley v. Board of Education of Lockport*, 699 F. Supp. 1283, 1292 (N.D. Ill. 1988), the plaintiff asserted that a local school board, superintendent, and high school principal were acting pursuant to personal discriminatory motives, and outside the scope of their employment with the board of education. The court declined to apply the "scope of employment" exception, and held that any ability of the defendants to injure the plaintiff was derived solely from their positions within the local school district. Similarly, in this case defendants Barney, Johnson, and the Board members derive their ability to injure or to affect McMurtrie's employment position solely from their positions as agents or employees of the Florence City Board of Education. Thus, assuming the exception advanced by McMurtrie to the intracorporate conspiracy doctrine applied, the court finds that McMurtrie's § 1985(3) claim is still due to be dismissed.

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings is due to be granted. As plaintiff concedes, plaintiff's procedural due process claims are due to be dismissed. Furthermore, because of the intracorporate immunity doctrine, plaintiff's § 1985(3) claims are due to be dismissed. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 16th day of March, 1998.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

§1985." *Wright*, 40 F.3d at 1508-1509.